UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. HOWARD, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 763 CDP |
| | ) | |
| BOSCH THERMOTECHNOLOGY CORP., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

The Howards' house burned to the ground in November 2013. In this products liability action, they claim that the defective design of a water heater manufactured, designed, and sold by defendant Bosch Thermotechnology Corp. caused the fire. Bosch now requests sanctions in the form of default judgment against the Howards, arguing that the demolition of what was remaining of the burned home was tantamount to spoliation of evidence because the demolition destroyed evidence that could have shown that the fire was caused by something other than the Bosch water heater. The Howards oppose the motion, contending that they did not engage in any sanctionable conduct. Upon careful consideration of the parties' respective positions and the evidence submitted in support, I will deny the motion.

Within the Eighth Circuit, a district court may dismiss an action as a

sanction for spoliation of evidence only if the court finds that plaintiff intentionally destroyed the evidence, "'indicating a desire to suppress the truth.'" *Menz v. New Holland N. Am., Inc.,* 440 F.3d 1002, 1006 (8th Cir. 2006) (quoting *Stevenson v. Union Pac. R.R. Co.,* 354 F.3d 739, 746 (8th Cir. 2004)); *Johnson v. Avco Corp.*, 702 F. Supp. 2d 1093, 1111 (E.D. Mo. 2010). There is no evidence that the Howards intentionally destroyed any evidence in this action. Indeed, there is evidence that the determination to demolish what remained of the burnt structure was made by the fire marshal, and not by the Howards. The Howards' decision to retrieve the water heater and no other possible ignition source before demolition was based on the fire marshal's statement to Thomas Howard at the scene that the water heater appeared to be the source of the fire. In these circumstances, I do not find that the Howards engaged in any intentional act indicating a desire to suppress the truth.

The sanction requested by Bosch is extreme, and its argument is far from sufficient for me to enter judgment against the Howards or enter any other sanction. Although Bosch argues that it has been prejudiced in its defense by its inability to examine a preserved site for evidence of other possible ignition sources, mere prejudice is insufficient for me to enter judgment in a case as a sanction for lost evidence. *Menz*, 440 F.3d at 1006 (to warrant dismissal as a sanction for spoliation of evidence, there must be a finding of intentional

destruction indicating a desire to suppress the truth); *Johnson*, 702 F. Supp. 2d at 1111.  This is especially true here, where the action is one of products liability and the defendant has had full access to the alleged defective product.

Bosch has failed to establish sufficient prejudice to warrant the significant penalty requested.  Nor is there evidence of any bad faith by the Howards.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bosch Thermotechnology Corp.'s Motion for Sanctions for Spoliation of Evidence [32] is **DENIED.**

                                               _____
                                               CATHERINE D. PERRY
                                               UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2018.